**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALBERT STEWARD,

    Plaintiff,

vs.                                                                               CASE NO. 3:05-cv-1094-J-25TEM

INTERNATIONAL LONGSHOREMAN'S
ASSOCIATION, LOCAL 1408,

    Defendant.

_____

## O R D E R

This matter is before the Court on Plaintiff Albert Steward's Motion to Dismiss Attorney of Record (Docs. #49), Attorney Rodney G. Gregory's response thereto in the form of a motion to withdraw (Docs. #51 and #55), Plaintiff's motion to extend discovery (Doc. #53), Plaintiff's motion to compel production of documents (Doc. #54), Plaintiff's request for production of documents (Doc. #57), and Plaintiff's response to Defendant's second motion to dismiss (Doc. #56).

In the instant matter, Plaintiff filed several of the aforementioned motions himself, representing that he is proceeding *pro se*, when, in fact, he was represented by Mr. Gregory.  (*See* Docs. #49, #53, #54, #56, and #57).

Pursuant to Local Rule 2.03 (d)

> Any party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court; nor shall any party, having previously elected to proceed in proper person, be permitted to obtain special or intermittent appearances of counsel except upon such conditions as the Court may specify.

In response to Plaintiff's "*pro se*" filings, Counsel for Plaintiff, Mr. Gregory, filed a motion to withdraw as attorney of record, asking that he be relieved of any responsibility for Plaintiff. (Docs. #51 and #55). A hearing was held on December 14, 2007, at which, the Court heard argument from the parties. (*See* Doc. #59).

After hearing the parties, the Court finds good cause exists to allow Mr. Gregory to withdraw as Plaintiff's attorney. Therefore, Rodney Gregory shall be terminated as counsel of record and Plaintiff shall proceed *pro se*. Accordingly, Plaintiff's motion to dismiss his attorney of record (Doc. #49) is hereby deemed moot.

Additionally, the Court notes that Plaintiff has filed several documents that do not comport with the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Florida. Specifically, Documents #54 and #56 are not signed and Document #57 is a discovery request that should not have been filed with the Court. Document #57 should have been served upon the Defendant. Accordingly, Plaintiff's motions (Docs. #54, #56, and #57) shall be stricken from the record.

Plaintiff's Motion to Extend Time for Discovery (Doc. #53), however, was filed in accordance with the Federal Rules of Civil Procedure and the local rules of this Court. Therefore, the Court shall let this motion stand as filed. After hearing argument on this motion, the Court finds Plaintiff's Motion to Extend Time for Discovery (Doc. #53) is due to be granted.

Since Plaintiff will now be proceeding *pro se*, the Court will take the opportunity to inform Plaintiff of some, but not all, of the procedural rules with which he must comply. The Court reminds Plaintiff of these obligations because a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal

Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Rules of the Middle District of Florida.[1]  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

All documents filed with the Court must be in the form of a pleading, *see* Fed.R.Civ.P. 7(a), or of a motion, *see* Fed.R.Civ.P. 7(b).  Each pleading, motion, notice, or other paper shall be presented in a separate document.

Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume that Plaintiff does not oppose that motion and any relief requested therein.[2]  If a party has missed a filing deadline, the party must file motion seeking leave of Court to file the document out of time. Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within 10 days after Plaintiff is served with that motion by his opponent and may not exceed 20 pages.

Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance

---

[1] The parties are hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Middle District of Florida.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

[2] Motions that Plaintiff must respond to include, but are not limited to, Motions to Dismiss under Fed.R.Civ.P. 12(b) and Motions for Summary Judgment under Fed.R.Civ.P. 56.

with the governing rules of procedure.  Any such correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to Plaintiff.

All documents filed with the Court must include a caption (the same as is set forth on Plaintiff's Complaint); a brief title which describes the nature of the document; Plaintiff's name and signature; and a Certificate of Service.  These last two items are explained below.

All pleadings, motion, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court.  Among other things, such signature serves as Plaintiff's certification, pursuant to Fed.R.Civ.P. 11 (b),  that said document is not submitted for any improper purpose; that the claims or defenses presented therein are warranted by existing law; and that there exists reasonable factual support for allegations or assertions made therein.  Plaintiff is advised to review and become familiar with Fed.R.Civ.P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiff's case.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service.  Such is Plaintiff's certification that he has complied with the requirements of Fed.R.Civ.P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the court must be in the form of a motion. If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting such, which motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. Among other things, all motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, *see* Local Rule 3.01(a), which memorandum cannot exceed twenty pages (20) in length, *see* Local Rule 3.01(c). Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires him to confer with opposing counsel. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court, and that failure to comply with such requirements and rules can form the basis for denial of a motion.

Lastly, Plaintiff is reminded that, although he is now proceeding *pro se*, he is not relieved of all obligations that rest upon an attorney. There are still many requirements with which Plaintiff must still comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, submission of a motion which does not meet the applicable requirements can result in denial of that motion; failure to timely conduct a Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution. Plaintiff is additionally directed to review Local Rule 3.05.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those

requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Attorney Rodney G. Gregory's motion to withdraw as counsel of record (Docs. #51) and the supplement thereto (Doc. #55) are **GRANTED to the extent that** Mr. Gregory shall be terminated as counsel of record and is relieved of any further responsibility as counsel for Plaintiff in this matter.

2. In light of the Court granting Attorney Rodney G. Gregory's motion to withdraw as counsel of record (Docs. #51), Plaintiff's Motion to Dismiss Attorney of Record and memorandum in support thereof (Doc. #49) is **deemed MOOT**.

3. **Plaintiff Albert Steward shall proceed *pro se* and be served at 3905 Bentgrass Rd., Jacksonville, Florida, 32210**.

2. The **Clerk is directed to STRIKE Documents #54, #56, and #57** from the record for the reasons stated *supra*.

3. Attorney Rodney G. Gregory's request that this Court deny Defendant's motion to dismiss is **DENIED to the extent that** Defendant's motion to dismiss (Doc. #52) is still pending before the Court.  Plaintiff has **twenty (20) days from the date of this Order in which to file a response** to Defendant's motion to dismiss (Doc. #52).

4. **Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle**

**District, and any applicable statutes before filing or refiling any documents**.

5. Plaintiff's Motion to Extend the Time for Discovery (Doc. #53) is **GRANTED to the extent that** Plaintiff shall have **until January 10, 2008, in which to complete discovery**. The granting of Plaintiff's request to extend the discovery deadline **shall not serve as the basis for requesting any further extension of time in the governance of this litigation**.

**DONE AND ORDERED** at Jacksonville, Florida this <u>14th</u> day of December, 2007.

Copies to all counsel of record
   and *pro se* party Albert Steward

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge